IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| STEVEN M. HAUGE, | ) | CV. NO. 04-00378 DAE-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN F. PEYTON, Director, | ) | |
| Department of Public Safety, State of | ) | |
| Hawaii, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CLAYTON FRANK, Warden, | ) | |
| Halawa Correctional Facility, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER ADOPTING IN PART THE MAGISTRATE'S FINDINGS AND
RECOMMENDATIONS AND GRANTING PETITIONER'S (1) WRIT OF
HABEAS CORPUS AND (2) MOTION FOR JUDGMENT ON THE
PLEADINGS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the Government's objections and

the supporting and opposing memoranda, this Court ADOPTS IN PART the

Magistrate's Findings and Recommendation and GRANTS Petitioner's Writ of

Habeas Corpus.

BACKGROUND

On October 22, 2001, the State of Hawaii charged Steven M. Hauge ("Petitioner") with Burglary in the First Degree, a violation of Section 708-810(1)(c) of the Hawaii Revised Statutes, for unlawfully entering a room at the Ocean Resort Hotel on January 23, 2001.  Petitioner was tried before a jury in the First Circuit Court, State of Hawaii, and on May 1, 2002, the jury found Petitioner guilty as charged.

On June 21, 2002, the Government moved to sentence Petitioner to an extended term of imprisonment based on Petitioner's status as a persistent offender under Sections 706-661(3) (1993 Repl. & Supp. 2001) and 706-662(1) (1993 Repl. & Supp. 2001) of the Hawaii Revised Statutes.  At the sentencing hearing on July 2, 2002, the state court granted the Government's motion and extended Petitioner's sentence from ten (10) years of incarceration to twenty (20) years.  According to transcripts from the sentencing hearing, the state court considered Petitioner's past convictions and "whether [an extended sentence] is necessary for protection of the public."  (Sentencing Tr. at 21.)

On July 31, 2002, Petitioner filed a Notice of Appeal of his conviction to the Hawaii Supreme Court.  Petitioner alleged, *inter alia*, that the state court erred in extending the term of imprisonment based on facts not submitted to the

jury.  The Hawaii Supreme Court denied Petitioner's appeal and affirmed his extended sentence on November 18, 2003.

On June 24, 2004, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court asserting that his extended sentence issued pursuant to Section 706-662(1) of the Hawaii Revised Statutes violated his constitutional rights.  On November 10, 2004, Petitioner filed a Motion for Judgment on the Pleadings.

On August 25, 2005, Magistrate Judge Kevin S. Chang issued his Findings and Recommendation That Petitioner's (1) Writ of Habeas Corpus and (2) Motion for Judgment on the Pleadings Be Granted ("Magistrate's F&R").  In reaching his conclusion the Magistrate Judge found that the state court's enhancement of Petitioner's sentence pursuant to Section 706-662(1) of the Hawaii Revised Statutes was both contrary to clearly established federal law and constituted an unreasonable application of federal law.

On September 13, 2005, the Government filed its Response and Objections to the Magistrate's F&R.  On September 20, 2005, Petitioner filed his response to the Government's objections.

## STANDARD OF REVIEW

Any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's case dispositive order, findings, or recommendations, the district court must make a *de novo* determination.  A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).  While the district court need not hold a *de novo* hearing, the court is obligated to arrive at its own independent conclusion about those portions of the magistrate's findings or recommendation to which objections are made.  Id.

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'  The judge may also receive further evidence or recommit the matter to the magistrate with instructions."  McDonnell Douglas Corp. v. Commodore Bus. Machs., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

<u>DISCUSSION</u>

Federal habeas corpus relief may only be granted where a person is held in custody in violation of the Constitution or laws or treaties of the United States.  <u>See</u> 28 U.S.C. § 2254(a).  Relief shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A).  Further, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

I.      Petitioner Has Exhausted His State Remedies

As stated in the Magistrate's F&R, Section 2254(c) provides that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(A). State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In this case, Petitioner appealed his conviction and sentence to the Hawaii Supreme Court, which affirmed his conviction, thereby exhausting the state's appellate review process.

II.     The Extended Sentence and Subsequent Decision by the Hawaii Supreme Court is Contrary to Clearly Established Federal Law

The AEDPA allows for the granting of a habeas corpus petition only when the adjudication of a claim by the state court (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "resulted in a decision that was based on an unreasonable determination of the facts . . . ."  28 U.S.C. § 2254(d)(1).

In the instant petition, Petitioner does not claim that the state court made an unreasonable determination of the facts.  Therefore, this Court must determine whether the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law."

Section 2254(d)'s "clearly established law" phrase requires that the law at issue has been determined by the Supreme Court of the United States, and refers to the "holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  Williams v. Taylor, 529 U.S. 362, 412 (2000).

Courts have struggled with the application of the terms "contrary to" and "unreasonable application of."  See Williams, 529 U.S. at 384.  The statutory test does not prescribe a specific, recognizable standard of review for dealing with either phrase.  See id. at 385.  Moreover, in Williams, the Supreme Court split on whether the two phrases have independent, mutually exclusive meanings and on the standard of review that should apply to the "unreasonable application of" phrase.  See id. at 388-89, 404-413.

The majority of the Williams court agreed, however, that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a

question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." See id. at 413.  Regarding the standard of review that should apply to the "unreasonable application of" phrase, the majority of the Court concluded that "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." See id. at 413.

In the instant case, Petitioner argues that the state court relied on facts not submitted to a jury in increasing his sentence beyond the prescribed statutory maximum under Sections 706-661 and 706-662 of the Hawaii Revised Statutes. Petitioner contends that the use of such facts is contrary the holding of the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000).  This Court agrees.

Section 706-662(1) of the of the Hawaii Revised statutes states in pertinent part:

> A convicted defendant may be subject to an extended term of imprisonment under section 706-661, if the convicted defendant . . . is a persistent offender whose imprisonment for an extended term **is necessary for protection of the public.**  The court shall not make this finding unless the defendant has previously been

> convicted of two felonies committed at different times
> when the defendant was eighteen years of age or older.

Haw. Rev. Stat. § 706-662(1) (emphasis added).

Section 706-661(3) of the Hawaii Revised Statutes provides:

> In the cases designated in section 706-662, a person who
> has been convicted of a felony may be sentenced to an
> extended indeterminate term of imprisonment.  When
> ordering such a sentence, the court shall impose the
> maximum length of imprisonment which shall be . . .
> [f]or a class B felony – indeterminate twenty-year term of
> imprisonment.

Haw. Rev. Stat. § 706-661(3).

The United States Supreme Court, in <u>Apprendi</u>, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Apprendi</u>, 530 U.S. at 490.  In <u>State v. Kaua</u>, 72 P.3d 473 (2003) ("<u>Kaua I</u>"), the Hawaii Supreme Court addressed the constitutionality of Section 706-662 of the Hawaii Revised Statutes in light of the <u>Apprendi</u> decision. The court upheld the defendant's sentence and found that Section 706-662 passed constitutional muster under both the Hawaii and United States Constitutions.  <u>State v. Kaua</u>, 72 P.3d 473, 485 (2003).  The defendants subsequently challenged his

sentence by way of a writ for habeas corpus in the United States District Court for the District of Hawaii.

The district court disagreed with the Hawaii Supreme Court and concluded that the petitioner's extended sentence, pursuant to Section 706-662(4), was contrary to and an unreasonable application of Apprendi.  See Kaua v. Frank, 350 F. Supp. 2d 848 (D. Haw. 2004) ("Kaua II").  In arriving at its conclusion, the court cited to the holding in Brown v. Greiner, 258 F. Supp. 2d 68 (E.D.N.Y. 2003).[1]  The gravamen of the Government's argument in the instant case is that the Magistrate erred in following the opinion of Kaua II on the basis that Brown has been subsequently overruled by the Second Circuit, thereby casting doubt on the validity of the Kaua II decision.  See Brown v. Greiner, 409 F.3d 523, 533-34 (2d Cir. 2005) (finding that the state courts reasonably applied Apprendi, as understood at the time, and properly denied the petitioner's habeas relief).

In the interim between the Government's objections to the Magistrate's F&R and this decision, the Ninth Circuit, on January 11, 2006,

---

[1]In Brown, the United States District Court for the Eastern District of New York found that a New York persistent felony offender statute violated Apprendi.  See Brown v. Greiner, 258 F. Supp. 2d 68, 90 (E.D.N.Y. 2003).  The statute required that, in addition to finding that the defendant was a "persistent felony offender," a sentencing court must be "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest."  See N.Y. Penal Law § 70.10.  The federal district court granted the petition for habeas corpus.  See Brown, 258 F. Supp. 2d at 90.

affirmed the holding in <u>Kaua II</u>, concluding that the extended sentence that the

petitioner received, pursuant to Section 706-662(4)(a)[2] of the Hawaii Revised

Statutes, was "contrary to the U.S. Supreme Court's decision in <u>Apprendi</u>."   <u>See</u>

<u>Kaua v. Frank</u>, 436 F.3d 1057, 1062 (9th Cir. 2006) ("<u>Kaua III</u>").  In <u>Kaua III</u>, the

Ninth Circuit explained:

> The sentencing court's public protection finding, coupled
> with the finding of multiple felonies, exposed Kaua to a
> sentence greater than the jury's guilty verdict authorized.
> Although it was proper for the court to make the multiple
> felony finding, under <u>Apprendi</u>, a jury should have made
> the public protection finding.

<u>Id.</u>

This Court is bound by the Ninth Circuit's decision in <u>Kaua III</u>.  In the

instant case, Petitioner challenges the same "public protection finding" of Section

706-662 of the Hawaii Revised Statutes at issue in <u>Kaua III</u>.  Accordingly, this

Court finds that the state court's use of facts not found by a jury in extending

Petitioner's sentence pursuant to this statute violates <u>Apprendi</u> and is contrary to

---

[2]Section 706-662(4)(a) provides in pertinent part that:
> A convicted defendant may be subject to an extended term of
> imprisonment under section 706-661, if the convicted defendant
> . . . is a multiple offender whose criminal actions were so extensive
> that a sentence of imprisonment for an extended term is necessary
> for protection of the public.  The court shall not make this finding
> unless . . . the defendant is being sentenced for two or more
> felonies or is already under sentence of imprisonment for felony.

Haw. Rev. Stat. § 706-662(4)(a).

clearly established federal law.[3]  See also Jess v. Peyton, 2006 U.S. Dist. LEXIS 20842 (D. Haw. 2006); Kamana'o v. Peyton, 2006 U.S. Dist. LEXIS 42026 (D. Haw. 2006).

In accordance with the Ninth Circuit's opinion in Kaua III, this Court ADOPTS IN PART the Magistrate's F&R insofar as it finds Petitioner's extended sentence and the Hawaii Supreme Court's affirmation of the sentence are contrary to clearly established federal law as set forth by the United States Supreme Court in Apprendi.  Based on this conclusion, the Court need not reach the issue of whether Petitioner's extended sentence also constitutes an unreasonable application of federal law.

---

[3]As explained by the Ninth Circuit in Kaua III:

> Apprendi made irrelevant any distinction between facts based on their "intrinsic" or "elemental" quality for purposes of ascertaining whether the Sixth Amendment requires a jury to find them. Apprendi announced a new rule that focused on the effect of a court's finding of fact, not on the label the statute or the court applied to that fact.  The United States Supreme Court plainly set forth this new rule, stating that "the relevant inquiry is one not of form, but of effect – does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?"  If so, the Sixth Amendment requires a jury, not a judge, to make the finding.  Apprendi exempted only one finding – the fact of a prior conviction – from this "general rule."

Kaua III, 436 F.3d at 1061-62 (emphasis in original).

CONCLUSION

For the reasons stated above, this Court GRANTS the Petition for a Writ of Habeas Corpus.  The State of Hawaii is hereby ordered to resentence Petitioner in a manner consistent with this order within ninety days of the date of this order.  The Clerk of the Court is directed to enter judgment in Petitioner's favor.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 14, 2006.

_____
David Alan Ezra
United States District Judge

Steven M. Hauge v. John F. Peyton, et al., Civil No. 04-00378 DAE-KSC; ORDER ADOPTING IN PART THE MAGISTRATE'S FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S (1) WRIT OF HABEAS CORPUS AND (2) MOTION FOR JUDGMENT ON THE PLEADINGS