IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN M. HAUGE, | ) CIV. NO. 04-00378 DAE-KSC |
| | ) |
| Petitioner, | ) MEMORANDUM IN SUPPORT |
| | ) |
| vs. | ) |
| | ) |
| JOHN F. PEYTON, Director, | ) |
| Department of Public Safety, | ) |
| State of Hawaii,* and | ) |
| CLAYTON FRANK, Warden | ) |
| Halawa Correctional Facility, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## **MEMORANDUM IN SUPPORT**

1.     This Court granted petitioner's habeas corpus petition in an order dated August 14, 2006. This Court ruled that "Petitioner's extended sentence and the Hawaii Supreme Court's affirmation of the sentence are contrary to clearly established federal law as set forth by the United States Supreme Court in Apprendi[ v. New Jersey, 530 U.S. 466 (2000)]." This Court thus "ordered [the State] to resentence Petitioner in a manner consistent with this order within ninety days of the date of this order." The State had until November 12, 2006, to resentence petitioner. It has not done so. Accordingly, petitioner moves this Court for an order

* Interim Director Iwalani White has replaced John F. Peyton as the head of the State of Hawaii's Department of Public Safety.

directing the State to immediately release him from the State's unconstitutional custody of him.

2.    This Court has jurisdiction to entertain this motion and issue the requested order.  That the State has filed a notice of appeal in this case does not divest this Court of jurisdiction to grant the relief petitioner requests.  See Stein v. Wood, 127 F.3d 1187 (9th Cir. 1997); Fed. R. App. P. 23.  In Stein, the Ninth Circuit held that a district court retains jurisdiction, even after the filing of the notice of appeal, over a state prisoner's motion in a habeas case for an order directing his immediate release.  See Stein, 127 F.3d at 1188.  The Ninth Circuit reasoned that the district court retains jurisdiction so as to ensure that its judgment is executed.  See id. at 1189 (citing In re Thorp, 655 F.2d 997, 998 (9th Cir. 1981)).

Stein filed a habeas petition in federal court under 28 U.S.C. § 2254 contesting his state conviction and sentence for three counts of attempted first degree murder and one count of burglary.  See id. at 1188.  The district court granted the State of Washington summary judgment on most of Stein's claims.  But, after an evidentiary hearing on several other claims, it granted Stein a writ of habeas corpus on his claim that Washington had deprived him of his right to direct appeal.  See id. Like this Court in petitioner's case, the federal district court in Stein did not immediately release the petitioner.  Rather, it conditioned the writ, directing Washington to reinstate Stein's right to appeal within 90 days.  See id.  This Court's

issuance of the writ in petitioner's case was similarly "conditional" in that it directed the State to resentence petitioner within 90 days.

In addition to the district court's summary judgment ruling on his other claims, Stein appealed the federal district court's issuance of a "conditional" writ, under which he would not be released unless Washington did not reinstate his direct appeal. See id. The Ninth Circuit affirmed the district court's judgment. See ibid. However, while the appeal was pending, Stein filed a motion in the district court, akin to petitioner's here, seeking an order directing his immediate release, since Washington had not reinstated his right to appeal and, thus, had not complied with the condition that the district court imposed when issuing the writ. See id. The district court dismissed the motion for lack of jurisdiction, reasoning that the filing of the notice of appeal had divested it of jurisdiction to hear it. See id. The Ninth Circuit held that the district court erred in ruling that it lacked jurisdiction to entertain such a motion while the appeal was pending. See id. at 1189-1190.

It is well established that, generally speaking, the filing of a notice of appeal "divests a district court of jurisdiction over those aspects of the case involved in the appeal." Id. at 1189 (citations omitted). This general rule is not absolute and is riddled with exceptions. See id. Among other things, a district court retains jurisdiction pending appeal to correct clerical errors or clarify its judgment, or to supervise the status quo pending appeal, or to correct an illegal sentence. See id.

3

(citations omitted).  Important here is that this Court retains jurisdiction to aid in the "execution of [its] judgment."  See id. at 1189-1190.  This includes, as was at issue in Stein, whether the State has complied with any explicit or implicit conditions attached to a writ of habeas corpus.  See id.

This Court also retains jurisdiction — as Stein held — over a petitioner's custody or release in a habeas proceeding pending appeal to the Ninth Circuit.  See id. The Stein Court adopted the reasoning of the Third and Sixth Circuits and of one of this Court's sister district courts.  See id. (discussing Jago v. U.S. Dist. Ct., N. Dist. of Ohio, 570 F.2d 618 (6th Cir. 1978), United States ex rel. Thomas v. New Jersey, 472 F.2d 735 (3rd Cir. 1973), and Franklin v. Duncan, 891 F. Supp. 516, 518 (N.D. Cal. 1995)).  Essentially, these courts all reasoned that the district court retained jurisdiction because "the question concerning the physical custody of the [petitioner] pending further review does not affect the matters involved in the appeal itself." Stein, 127 F.3d at 1189 (quoting Jago, 570 F.2d at 611); accord Thomas, 472 F.2d at 742-743; Franklin, 891 F. Supp. at 518.

In accord with Stein, Jago, Thomas, and Franklin, petitioner urges this Court to direct the State to immediately release petitioner, it having failed to adhere to the condition this Court imposed.  Such a remedy is the only option that remains at this point, unless this Court is to abide the State's defiance of its mandate in the

4

present matter and acquiesce in the notion that the State may hold someone in its

custody without *any* legally obtained judgment authorizing it to do so.

DATED:  Honolulu, Hawaii, November 20, 2006.


_____
PETER C. WOLFF, JR.
Attorney for Petitioner
STEVEN M. HAUGE