PETER B. CARLISLE 2209
Prosecuting Attorney
RUSSELL H. UEHARA 2875
Deputy Prosecuting Attorney
City and County of Honolulu
Alii Place
1060 Richards Street, 10th Floor
Honolulu, Hawaii 96813
Tel: (808) 547-7433
Fax: (808) 547-7513

Attorneys for the State of Hawaii

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

STATE OF HAWAII        ) CR. NO. 01-1-2345
                       )
        v.             ) BURGLARY IN THE FIRST DEGREE
                       ) (§ 708-810(1)(c), HRS)
STEVEN M. HAUGE,       )
                       ) STATE'S OF HAWAII'S SECOND
        Defendant.     ) MOTION FOR EXTENDED TERM OF
                       ) IMPRISONMENT OF A PERSISTENT
                       ) OFFENDER; DECLARATION OF
                       ) COUNSEL; STATEMENT OF PROPOSED
                       ) WITNESSES AND/OR EXHIBITS;
                       ) EXHIBITS "1--4"; CERTIFICATE OF
                       ) SERVICE
                       )
                       ) Approx. Time: 1/2 hour
                       ) Hearing Date: 12/4/06
                       ) Hearing Time: 11 am
                       ) Administrative Judge Derrick H. M. Chan
                       ) Judge Steven S. Alm
                       ) Courtroom 13, 4th Floor

STATE OF HAWAII'S SECOND MOTION FOR EXTENDED
TERM OF IMPRISONMENT OF A PERSISTENT OFFENDER

COMES NOW the STATE OF HAWAII by and through Russell H. Uehara, Deputy Prosecuting Attorney, City and County of Honolulu, State of Hawaii, and pursuant to Sections 706-661, 706-662(1) of the Hawaii Revised Statutes, hereby moves this Honorable Court to sentence

Exhibit "A"

1st CIRCUIT COURT
STATE OF HAWAII
FILED
2006 NOV 17 AM 10:15
R. HIGA
CLERK

Defendant Steven M. Hauge (hereinafter "Defendant Hauge") as a persistent offender to an extended term of imprisonment of twenty (20) years.

This motion is based upon Rule 47 of the Hawaii Rules of Penal Procedure, upon all of the records and files herein, upon the attached Declaration of Counsel, upon the attached Exhibits, and upon such evidence as may be presented at the hearing of this motion.

## DECLARATION OF COUNSEL

I, RUSSELL H. UEHARA, declare that:

1. I am a Deputy Prosecuting Attorney for the City and County of Honolulu, State of Hawaii, and in that capacity I have been assigned to represent the State of Hawaii at the resentencing in the case of State of Hawaii v. Steven M. Hauge, Cr. No. 01-1-2345, Circuit Court of the First Circuit.

2. On October 22, 2001 a Complaint was filed under Cr. No. 01-1-2345 charging Defendant Hauge with the offense of Burglary in the First Degree.

3. On or about May 1, 2002, following a jury trial before the Honorable Marie N. Milks, Defendant Hauge was found guilty of the offense of Burglary in the First Degree.

4. On June 21, 2002 State of Hawaii's Motion to Sentence Defendant to an Extended Term of Imprisonment of Twenty Years as a Persistent Offender was filed in the Circuit Court of the First Circuit.

5. On July 2, 2002 Defendant Hauge was convicted as charged of the class B felony offense of Burglary in the First Degree, and the Honorable Marie N. Milks granted the State's motion, imposing an extended term of imprisonment of twenty (20) years. (See Exhibit "1").

2

6. The Court's decision to grant the State's motion for extended term of imprisonment was based on the Court's finding that an extended term sentence was necessary for the protection of the public.

7. On July 31, 2002 Defendant Hauge filed a Notice of Appeal of his conviction and sentence to the Hawaii Supreme Court. Defendant Hauge alleged, inter alia, that the state court erred in extending the term of imprisonment based on facts not submitted to the jury. The appeal was docketed under SC. No. 25239.

8. On November 18, 2003 (corrected on November 26, 2003), the Supreme Court of Hawaii issued a published opinion affirming Defendant Hauge's conviction. State v. Hauge, 103 Hawaii 38, 79 P.3d 131 (Hawaii 2003). (See Exhibit "2").

9. On January 23, 2004 Defendant Hauge filed a Petition for Post Conviction Relief under S.P.P. 04-1-0005 (hereinafter "First Petition").

10. On February 24, 2005 the Department of the Attorney General filed its answer to the First Petition on behalf of the State.

11. On March 25, 2004 Defendant Hauge filed his Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner From Custody under S.P.P. 04-1-0026 (hereinafter "Second Petition").

12. On December 1, 2005 the Court issued an order summarily denying Defendant Hauge's First Petition under S.P.P 04-1-0005.

13. On February 27, 2006 the Court issued an order summarily denying Defendant Hauge's Second Petition under S.P.P. 04-1-0026.

14. Having exhausted his state remedies, on June 24, 2004, pursuant to 28 U.S.C. § 2254, Defendant Hauge filed a Writ of Habeas Corpus, docketed under CV. No. 04-00378 DAE-KSC, in the United States District Court for the District of Hawaii.

15. On August 14, 2006, United States District Court Judge David Alan Ezra granted Defendant Hauge's writ of habeas corpus upon finding that the state court's imposition of an extended term sentence was unconstitutional because it violated the United States Constitution's Sixth amendment trial-by-jury clause, pursuant to the rationale of Apprendi v. New Jersey, 530 U.S. 466 (2000). (See Exhibit "3").

16. When Defendant Hauge was originally sentenced on July 2, 2002, the *sentencing court* determined that an extended term of incarceration was necessary for the protection of the public. The United States District Court held that the determination that Defendant Hauge's commitment for an extended term is necessary for the protection of the public *must be submitted to a jury and proven beyond a reasonable doubt.*

17. Thus, the United States District Court remanded the case with an order that the state court resentence Defendant Hauge "in a manner consistent with this order" within ninety days of the order.

18. Defendant Hauge has not waived his right to a jury trial on the question of whether an extended term is necessary for the protection of the public.

19. The State of Hawaii does not waive its right to seek an extended term of incarceration.

20. Accordingly, in order to resentence Defendant Hauge in a manner consistent with the order of the United States District Court, the state court must impanel a jury and the prosecution must prove beyond a reasonable doubt that Defendant Hauge's commitment for an extended term is

4

necessary for the protection of the public. The sole factual question for the jury to decide will be: "Did the prosecution prove beyond a reasonable doubt that Defendant Hauge's commitment for an extended term is necessary for the protection of the public? Your answer must be unanimous". If the jury answers the interrogatory in the affirmative, the jury would be polled to insure unanimity, and thereafter, the court would be dismissed. The court would then schedule a sentencing hearing. At sentencing, the court would have the discretion to impose an extended term sentence or an ordinary indeterminate sentence. If the jury answers the interrogatory in the negative, Defendant Hauge would be resentenced without the extended term sentence.

21. The Hawaii Supreme Court has previously addressed the procedure to be followed when a sentence is vacated and the matter remanded to the trial court for resentencing. State v. Peralto, 95 Hawaii 1, 18P.3d 203 (Hawaii 2001). (See Exhibit "4"). At footnote 3 of the Peralto opinion, the Court cited several examples of bifurcated adjudicative and penalty proceedings where the court may empanel a new jury after an appellate court remands the case for a new penalty proceeding.

22. The State submits this extended term motion based on its continued belief that Defendant Hauge is a "persistent offender" whose commitment for an extended term is necessary for the protection of the public. The State's motion is based on the following facts:

    a. Defendant Hauge was born on February 11, 1957 and was eighteen (18) years of age or older at the time of the commission of the offenses listed below.

    b. On May 11, 1978 (judgment filed on May 12, 1978), in Cr. No. 050401, Defendant Hauge was convicted of the offenses of Counts I -- III, Forgery in the Second Degree and Counts IX -- XII, Fraudulant Use of Credit Card, offenses which constitute class C Felonies as defined by the Hawai`i Penal Code. The offenses were committed on March 29, 1977, when

5

Defendant Hauge was eighteen (18) years or older. At all relevant times during these proceedings, Defendant Hauge was represented by counsel, to wit, Defense Counsel Winston Mirikitani.

  c. On April 5, 1991, in Cr. No. 90-2137, Defendant Hauge was convicted of the offense of Assault in the Second Degree, an offense which constitutes a class C felony as defined by the Hawaii Penal Code. The offense was committed on July 13, 1989, when Defendant Hauge was eighteen (18) years or older. At all relevant times during these proceedings, Defendant Hauge was represented by counsel, to wit, Deputy Public Defender Derrick Chan.

  d. On April 26, 1995, in Cr. No. 94-2436, Defendant Hauge was convicted of the offense of Terroristic Threatening in the First Degree, an offense which constitutes a class C felony as defined by the Hawaii Penal Code. The offense was committed on October 23, 1994, when Defendant Hauge was eighteen (18) years or older. At all relevant times during these proceedings, Defendant Hauge was represented by counsel, to wit, Deputy Public Defender Derrick Chan.

  23. Declarant believes that a jury will find that Defendant Hauge is a "persistent offender" whose commitment for an extended term is necessary for the protection of the public because of the following facts:

  a. Defendant Hauge's criminal history includes sixty-three (63) arrests resulting in the instant conviction and prior convictions for the nine (9) aforementioned felony offenses, and numerous misdemeanor, petty misdemeanor and violations.

  b. Defendant Hauge has an extensive criminal history, the characteristics of which offenses have involved the nine (9) aforementioned convictions for felony offenses and various misdemeanor, petty misdemeanor and violations, including: assault, carrying a deadly weapon, criminal contempt of court, criminal property damage, theft, reckless driving, resisting

6

arrest, resisting an order to stop, shoplifting, switchblades, terroristic threatening in the second degree, disorderly conduct, driving without license, harassment and trespassing.

    c.    Defendant Hauge's criminality has continued despite being sentenced to periods of probation and incarceration in his prior convictions. Defendant Hauge was afforded probation in Cr. No. 050401 and twice resentenced to new terms of probation in the same case. In Cr. No. 90-2137, Defendant Hauge was sentenced to a term of incarceration which did not deter him from committing the offense in Cr. No. 94-2436. In Cr. No. 94-2436, Defendant Hauge was sentenced to a term of incarceration which included a mandatory minimum term which still did not deter him from committing the instant offense. It is evident that Defendant Hauge's involvement with the criminal justice system has not deterred him from further criminal activity.

    d.    Defendant Hauge has failed to benefit from the criminal justice system.

    e.    Defendant Hauge has demonstrated a total disregard for the rights of others and has a poor attitude toward the law.

    f.    Defendant Hauge has demonstrated a pattern of criminality which indicates that he is likely to be a recidivist in that he cannot conform his behavior to the requirement of the law.

    g.    Due to the quantity and seriousness of Defendant Hauge's past convictions and the seriousness of the instant offense, Declarant believes that Defendant Hauge poses a serious threat to the community and that a jury will find that his long term incarceration is necessary for the protection of the public.

7

I, RUSSELL H. UEHARA, declare under penalty of law that the forgoing is true and correct to the best of my knowledge and belief.

Executed on October 5, 2006.

_____
RUSSELL H. UEHARA